**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **No.** 11 CR 580-2 |
| | ) | |
| BRADLEY MATTSON, STEVEN PAUL, AND NEELESH PATEL | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **Defendants.** | ) | |

# ORDER

In preparation for his sentencing hearing, defendant Steven Paul has served a subpoena upon victim Health Care Service Corporation/Blue Cross Blue Shield of Illinois ("Blue Cross"). The subpoena calls for the production of the following information:

1. All documents related to Blue Cross' investigation of Bradley Mattson, Stephen Paul, or Neelish Patel.

2. All correspondence between Blue Cross and any person associated with the Department of Justice relating to the investigation/prosecution of the defendants.

3. All correspondence between Blue Cross and any person associated with the FBI relating to the investigation/prosecution of the defendants.

4. All correspondence between Blue Cross and any person associated with the Department of Labor relating to the investigation/prosecution of the defendants.

5 All correspondence between Blue Cross and anyone associated with the Department of Health and Human Services/Office of the Inspector General related to the investigation of the defendant's.

6. All documents reflecting restitution payments made by any of the defendants.

7. All national fee schedules... governing the payment of medical services applicable to the defendant's or any of the clinics for 1999 to the present.

8. All documents related to use of Ingenix as from 1999 to the present.

Blue Cross has moved to quash the subpoena.

Defendant's stated need for the subpoenaed information revolves around the issue of loss. The sentencing guidelines provide that loss is measured by the greater of the actual loss or the intended loss. USSG, § 2B1.1. Intended loss means the pecuniary harm that was intended to result from the offense; and includes intended pecuniary harm that would have been impossible or unlikely to occur as in an insurance fraud in which the claim exceeded the insured value. U.S.S.G. § 2Bl.1 cmt. (n.3)(A) (ii). The government is arguing that the defendant should be sentenced based upon the amount billed because that is the measure of the loss the defendant intended. Thus, the amount the defendant overbilled Blue Cross in the furtherance of his scheme to defraud is all the Court need consider. Defendant, on the other hand, would argue that the fact the defendant knew that Blue Cross would never actually pay the full billed charges establishes that the amount billed was not the intended loss.

Blue Cross' fee schedules, if known to the defendant, would appear to be directly relevant relevant to the issue of actual and intended loss; as would contracts in effect between Blue Cross and the 6 different clinics during the scheme to defraud. Likewise, restitution payments made by any of the defendants might, depending on the circumstances, be relevant to show actual loss.

Items 2-5 above, calling for "all correspondence" between Blue Cross and four government agencies relating to the investigation of the defendants, however, are clearly too

broad. Surely not all correspondence between the victim and these government agencies relates to the rather narrow issue of actual or intended loss. Indeed, one would expect that most such correspondence during the course of an investigation would focus on the issue of proof of guilt, not actual or intended loss. Furthermore, the defendant has already been provided with much of this material. The government, pursuant to its *Brady* obligations has already disclosed any such communications which contain material favorable to the defense.

Item 1, above, calling for the entire contents of Blue Cross' investigative file is clearly overbroad. Other than the amounts billed, restitution already paid, and the fee schedules which might show what the defendant expected to actually receive from Blue Cross, the rest of the victim's investigative file would be largely irrelevant to the sentencing issues the defendant has identified.

For the reasons stated above, the motion to quash is granted in part and denied in part. Blue Cross is ordered to produce the information requested that relates to Blue Cross' fee schedules, contracts in effect between Blue Cross and the 6 different clinics during the scheme to defraud, and restitution payments made by any of the defendants.

    **SO ORDERED**                    **ENTER: September 9, 2014**

----------------------------------------
**RONALD A. GUZMÁN**
**District Judge**